**IMG-193**                                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2831
_____

TAI QUIN LIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A099-525-825)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010
Before: FUENTES, ROTH and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 28, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Tai Quin Lin seeks review of a decision by the Board of Immigration

Appeals ("BIA") rendered on May 26, 2009.  For the following reasons, we will dismiss

in part and deny in part the petition for review.

I. <u>Background</u>

Lin, a native and citizen of China, entered the United States in October 2005. In March 2006, he applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), based upon China's coercive family planning policies. Specifically, Lin claimed that, after he and his wife had a daughter in 2000, Chinese officials forcibly implanted Lin's wife with an intrauterine device (IUD). In 2003, Lin hired a doctor to remove the IUD. Lin's wife stopped attending her government-mandated physical examinations, became pregnant, and went into hiding. On December 11, 2004, Lin's wife gave birth to twin sons. She was sterilized immediately after the birth, over Lin's and his wife's protest. Officials imposed a fine for violating family planning laws.

Before the Immigration Judge ("IJ"), Lin claimed eligibility for asylum based upon his wife's sterilization. The IJ denied relief, concluding that Lin failed to prove the sterilization was "forced" within the meaning of the INA. Lin appealed.

On May 26, 2009, the BIA affirmed the IJ's decision on alternative grounds. The BIA observed that this Court had recently held that a spouse whose partner has undergone a forced sterilization is not automatically eligible for refugee status. <u>Lin-Zheng v. Att'y Gen.</u>, 557 F.3d 147 (3d Cir. 2009) (en banc). Accordingly, because Lin could no longer be eligible for asylum based solely upon his wife's sterilization, the BIA sua sponte considered whether Lin's allegations could support a claim of a well-founded fear of

2

persecution on account of Lin's "other resistance" to a coercive population control program. See INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)]. The BIA concluded that, even if he had "resisted" a population control program, Lin did not present sufficient evidence of a well-founded fear of future persecution based upon that resistance. The BIA therefore dismissed the appeal.

This timely counseled petition for review followed.

## II. Analysis

We have jurisdiction to review final orders of removal pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)]. We review final orders of the BIA. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005); Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir. 2001). We review legal conclusions de novo, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), and uphold factual determinations supported "by reasonable, substantial, and probative evidence on the record considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). To succeed on his petition for review, we "must find that the evidence not only supports that conclusion [that Lin's application should have been granted], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

### A.

Lin does not dispute the BIA's conclusion that he is not automatically eligible for asylum based upon his wife's forced sterilization. See Lin-Zheng, 557 F.3d at 157. Instead, he seeks relief based upon past persecution that he personally suffered on account

3

of his "other resistance" to China's coercive population control program.  See INA § 101(a)(42) [8 U.S.C. § 1101(a)(42); see also Lin-Zheng, 557 F.3d at 157 (observing that spouses of forcibly sterilized women may qualify for asylum if they were persecuted for, or have a well-founded fear of future persecution due to, "other resistance" to a coercive population control program).

We have closely reviewed the record and have confirmed that Lin never claimed before the IJ or BIA that he personally experienced harm rising to the level of persecution, although he could have attempted to do so.  Because Lin did not administratively exhaust a past persecution claim, we must dismiss it for lack of jurisdiction.  See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

## B.

To sidestep the administrative exhaustion problem, Lin contends the BIA erred by "[paying] no attention to the issue of past persecution."  Lin implies that, despite his own decision not to raise the issue, the BIA had an affirmative duty to consider whether his allegations could support a past persecution claim.

We disagree.  Lin bore the burden of proving his eligibility for asylum.  8 C.F.R. § 1208.13(a).  At his hearing before the IJ, as now, Lin could have shown that he personally suffered persecution on account of his "other resistance" to a coercive population control program.  See, e.g., Matter of J-S-, 24 I. & N. Dec. 520, 527 (BIA

4

2008); Li v. Att'y Gen., 400 F.3d 157, 163 (3d Cir. 2005). Thus, if Lin had evidence to support such a claim, it was incumbent upon him to present it.

In his proceedings, Lin presented little, if any, evidence that he personally suffered any harm while he was in China.[1] In light of the sparse evidentiary record on the subject and due to Lin's failure to raise such a claim himself, we cannot fault the BIA for declining to spontaneously attribute a past persecution claim to Lin.

## C.

Lin next contends he would have presented additional (unspecified) evidence that he suffered persecutory harm in China, but the IJ improperly limited the proceedings to the issue of his wife's sterilization. Thus, Lin attempts to attribute any deficiencies in the record to the IJ by claiming the IJ "had an affirmative duty to develop the record in his case."[2]

When he appeared before the BIA, Lin never indicated that the IJ failed to

---

[1] Lin described one instance of harm that befell him personally: he was fined 18,000 RMB shortly after his sons were born, and he paid the fine in November 2005, apparently after he fled China. (See A.R. 135-36; 376-77.) Lin testified that he had no further problems with Chinese family planning officials after he paid the fine. (A.R. 139-40.) Lin never argued that payment of the fine caused him the sort of severe economic harm that would constitute persecution. See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

[2] Lin relies upon a decision by the Court of Appeals for the Second Circuit, Secaida-Rosales v. INS, 331 F.3d 297, 306 (2d Cir. 2003), which held that "the IJ has an affirmative obligation to help establish and develop the record in the course of . . . [the] proceedings." Even apart from the fact that Secaida-Rosales is not binding precedent in our Court, it does not support Lin's position that an IJ has an obligation to develop the evidentiary record on a claim that the applicant did not raise.

adequately develop the record in his case. Lin therefore did not administratively exhaust this claim, and we must dismiss it. See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Abdulrahman, 330 F.3d at 594-95; see also Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) (a claim that the IJ failed in the duty to fully develop a case must be argued to the BIA).

D.

The BIA sua sponte considered whether the record could support a claim that Lin did not choose to raise himself: whether Lin could qualify for relief based upon a well-founded fear of future persecution on account of "other resistance" to a coercive population control program.[3] Lin argues that substantial evidence does not support the BIA's conclusion that Lin failed to establish such a claim. Lin contends that the record compels a conclusion that he established a reasonable fear of "severe punishment" in China, primarily because he expressed anger to family planning officials when they ordered his wife to be sterilized.

Substantial evidence supports the BIA's conclusion. For asylum purposes, a "well-founded" fear includes both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003); Abdulrahman, 330 F.3d at 592. Even if we assume that Lin adequately

---

[3] The BIA took this approach in fairness to Lin, due to the intervening change in the law concerning spousal eligibility for asylum based upon a forced sterilization, which eliminated the prior basis for Lin's asylum claim.

established his subjective fear through his vague testimony that he faces unspecified "severe punishment" in China, our review of the record reveals no support for the objective component of this claim. Lin provides nothing to compel a conclusion that he established a reasonable possibility that Chinese officials would individually single him out for persecution if he were to return to China.[4] 8 C.F.R. § 1208.13(b)(2)(iii). Accordingly, his claim lacks merit.

E.

Because Lin failed to meet the lower burden of proof for asylum, he also failed to establish eligibility for withholding of removal. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). In addition, the record does not compel a conclusion that Lin would more likely than not be tortured if he were to return to China. See id. at 183.

III. Conclusion

For the foregoing reasons, we will dismiss in part and deny in part the petition for review.

---

[4] Although Lin also could have satisfied the objective component by establishing that "there is a pattern or practice . . . of persecution of a group of persons similarly situated. . .," 8 C.F.R. § 1208.13(b)(2)(iii)(A), Lin did not claim a "pattern or practice" of persecution of similarly-situated individuals.

7